[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
This Court issued an Order of Dismissal on September 18, 2002 on the basis that the Court understood that the Petitioner was.being made eligible for parole at fifty percent of his sentence. However, there seems to be some confusion as to that so the Motion for Reconsideration is granted.
The Petitioner claims to have been incarcerated on May 18, 1992 which would make him eligible for parole on May 19, 2002. This was confirmed in a response to an inmate request dated 3-5-01 by staff member Bowman, a copy of which is attached hereto.
In any event, this Petitioner falls under this Court's ruling of GusWoods, Jazrael King and Miguel Rentas v. Commissioner and this Court's ruling in Gregory Lytell v. Warden, Docket No. CV 00-059769 1, a copy of which is attached hereto, which declared Public Act 95-25 5 Section 1 unconstitutional as it applies to anyone arrested prior to the effective date of that Act, July 1, 1996. Therefore, it is hereby ORDERED that the Department of Corrections consider the Petitioner eligible for parole at the completion of fifty percent of his sentence and further ORDERED to comply with the same orders in Lytell, supra as to this Petitioner.
As stated in the previous Order of Dismissal, the Court stated that he should be eligible for parole at fifty percent of his sentence. Also stated is that the granting of parole is solely at the discretion of the Board of Parole.
___________________ Rittenband, JTR CT Page 1232